**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA**

| | |
|---|---|
| ANDREW HILFORD, | 3:12-cv-00329-MMD-WGC |
| Plaintiff, | **REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |
| vs. | |
| CHRISTOPHER ROWLEY, et. al. | |
| Defendants. | |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4. Before the court is Plaintiff's Motion for Leave to File an Amended Complaint. (Doc. # 22.)[1] The Attorney General's Office has filed an opposition. (Doc. # 23.) Plaintiff replied. (Doc. # 29.) Also before the court is the Attorney General's Motion to Dismiss Plaintiff's complaint. (Doc. # 24.) Plaintiff has opposed the motion. (Doc. # 28.)

After a thorough review, the court recommends that Plaintiff's motion be denied, and that the Attorney General's motion to dismiss be granted.

**I. BACKGROUND**

**A. Complaint and service**

At all relevant times, Plaintiff Andrew Hilford was an inmate in custody of the Nevada Department of Corrections (NDOC). (Pl.'s Compl., Doc. # 7 at 1.) The events giving rise to this

---

[1] Refers to court's docket number. Unless otherwise noted, all page number references are to the page numbers from the docketed version and not Defendants' original page numbers.

1  litigation took place while Plaintiff was housed at Ely State Prison (ESP). (*Id.*) Plaintiff, a pro
2  se litigant, brings this action pursuant to 42 U.S.C. § 1983. (*Id.*) Currently, the only defendant
3  named is Sergeant William Gittere. (*See* Screening Order, Doc. # 3.)

4  Plaintiff originally filed his application for leave to proceed in forma pauperis and
5  complaint on June 18, 2012. (Doc. # 1.) The court screened the complaint pursuant to 28 U.S.C.
6  § 1915A, and concluded Plaintiff states a colorable claim that Gittere was deliberately
7  indifferent to his health and safety when Plaintiff complained that chemical agents that were
8  sprayed during a cell extraction remained on his bedding and Gittere told him to send the
9  bedding to the laundry, which he knew Plaintiff would be unable to do for another six days.
10 (*See* Doc. # 3 at 2.) Plaintiff's remaining claims were dismissed. (*Id.* at 2-3.)

11  Following a stay for mediation, on November 5, 2012, the court ordered Plaintiff's
12 complaint filed; instructed the clerk to electronically serve the Attorney General's Office; asked
13 the Attorney General's Office to advise the court whether it was accepting service on behalf of
14 any named defendant; and if not, to provide the last-known-address of the defendant under
15 seal. (Doc. # 6 at 2.) This order further instructed Plaintiff that if service was not accepted for
16 any named defendant, he had to file a motion identifying the unserved defendant and request
17 issuance of a summons. (*Id.*)

18  On November 16, 2012, the Attorney General's Office filed a notice that it was
19 *not* accepting service on behalf of Gittere. (Doc. # 8) To that end, the Attorney General's Office
20 filed Gittere's last known address under seal and provided Plaintiff notice of this filing. (Docs.
21 # 9, # 10.)

22  On January 2, 2013, Plaintiff filed a motion to serve defendant Gittere. (Doc. # 15.) The
23 court ordered issuance of a summons, and further ordered the clerk to send a copy of form
24 USM-285, giving Plaintiff twenty days to complete the form and return it to the United States
25 Marshal's Office for service. (Doc. # 16.) The summons was issued on January 4, 2013 (Doc.
26 # 17), and on February 19, 2013, the United States Marshal returned the process receipt
27 unexecuted, noting that Gittere was unable to be served because he was on military duty in an
28

2

overseas location. (Doc. # 18.)

On March 4, 2013, Plaintiff filed a motion requesting that default be entered, arguing that the Attorney General's Office was hindering his complaint by not accepting service on behalf of Gittere. (Doc. # 19.) The Attorney General's Office filed a notice that it opposed any entry of default as Plaintiff had failed to serve Gittere. (Doc. # 20.) The court denied Plaintiff's motion, advising Plaintiff that the obligation to defend a lawsuit arises only after service has been completed, and Plaintiff had not served Gittere. (Doc. # 27.)

**B. Motion for leave to amend**

   **1. Plaintiff's motion**

Plaintiff then filed a motion seeking leave to amend his complaint. (Doc. # 22.) He argues that ESP Warden Baker, ESP Associate Warden Byrnes and Lieutenant Wagner are responsible for the operational procedure concerning the use of chemical agents, and therefore they too violated Plaintiff's Eighth Amendment rights. (*Id.*) The proposed amended complaint alleges that following the cell extraction where the chemical agents were used, Gittere and Wagner placed Plaintiff back in his cell. (Doc. # 22-1 at 3-4.) Plaintiff asserts that his bedding was covered in chemical agents. (*Id.* at 4.) Plaintiff asked Gittere if he could have a clean bed roll, to which Gittere responded, "I'll think about it." (*Id.*) He then filed an emergency grievance, and Gittere responded that it was not an emergency. (*Id.*) He filed another emergency grievance and Gittere once again responded, this time instructing Plaintiff to send his bedding to be laundered. (*Id.*) Plaintiff claims that Gittere knew that he could not send his bedding to be laundered for another six days. (*Id.*)

The only allegation directed to Baker, Byrnes and Wagner (other than the allegation that Wagner helped put him in his cell after the extraction), is that pursuant to Administrative Regulation 406, they are responsible for the use of chemical agents. (*Id.*) He states that it was Gittere who actually administered the chemical agents. (*Id.*) He contends that the regulation provides that the affected areas should be cleaned if necessary, and that bedding is to be removed and cleaned prior to re-issuance. (*Id.* at 4-5.) Plaintiff includes various exhibits with

3

1 his proposed amended complaint, including Administrative Regulation 406 which governs the
2 use of chemical agents. (*Id.* at 29-30.) The regulation provides that the warden/facility
3 manager and appropriate division administrators are responsible for establishing and
4 maintaining procedures for the use of chemical agents. (*Id.* at 29.)

### 2. Attorney General's opposition

The Attorney General argues that allowing Plaintiff leave to amend would unduly delay these proceedings, which were filed in June of 2012, and currently the only named defendant has not been served. (Doc. # 23 at 3.) Next, the Attorney General argues that Plaintiff improperly seeks to assert a supervisory liability claim against Wagner, Baker and Byrnes. (*Id.*)

### 3. Plaintiff's reply

Plaintiff asserts that pursuant to Federal Rule of Civil Procedure 15(a), he has an absolute right to amend his complaint once before an answer is filed. (Doc. # 29.)

## C. Motion to dismiss

### 1. The Attorney General's motion

On April 10, 2013, the Attorney General filed a Motion to Dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 4(m) because Plaintiff has failed to serve Sergeant Gittere. (Doc. # 24.)

### 2. Plaintiff's response

On April 24, 2013, Plaintiff filed his response to the Attorney General's motion. (Doc. # 28.)

As he argued in his motion requesting that default be entered, he again asserts that the Attorney General's Office is delaying and hindering this action by not accepting service on behalf of Gittere. (*Id.*) Plaintiff then claims that he attached documents to his complaint which prove his claims. (*Id.*) Finally, he asserts that the "failure to prove service does not affect the validity of service" and the court may permit the proof of service to be amended. (*Id.*)

## D. Federal Rule of Civil Procedure 4(m) notice

On April 17, 2013, the court issued a notice of its intention to dismiss this action

4

1  pursuant to Federal Rule of Civil Procedure 4(m) because of Plaintiff's failure to serve Gittere
2  within 120 days of the date the complaint was filed. (Doc. # 26.) Plaintiff was advised that the
3  action will be dismissed without prejudice unless a proof of service as to Gittere is filed before
4  May 17, 2013, or good cause is shown why service has not been made. (*Id*.)

## II. DISCUSSION

**A. Motion for leave to amend**

    **1. Legal standard**

Federal Rule of Civil Procedure 15(a) provides that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a). Otherwise, a party must seek leave of court to amend a pleading. Fed. R. Civ. P. 15(a)(2).

By its own language, Federal Rule of Civil Procedure 15(a) does not appear to contemplate an amendment as a matter of course for a pleading which has not been served. Therefore, Plaintiff is required to seek leave to amend under Rule 15(a)(2). While the court should freely give leave to amend when justice requires, leave need not be granted where amendment: "(1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *Amerisource Bergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citation omitted). Thus, leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal. *Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

Moreover, even if Rule 15(a) could be read to permit Plaintiff's amendment as a matter of course, the court is required to screen his claims and "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief maybe granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon

5

which relief may be granted. Allegations of a pro se complainant are held to less stringent standards that formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Under Federal Rule of Civil Procedure 8(a), "a claim for relief must contain…a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The Supreme Court has found that at a minimum, a plaintiff should state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint need not contain detailed factual allegations, but it must contain more than "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citation omitted); *Iqbal*, 556 U.S. at 678. The Rule 8(a) notice pleading standard requires the plaintiff to "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. (internal quotation marks and citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). "Plausibility" is "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citation omitted). "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). Allegations can be deemed "implausible" if there are "obvious alternative explanation[s]" for the facts alleged. *Id.* at 682.

In considering a motion to dismiss for failure to state a claim upon which relief may be granted, all material allegations in the complaint are accepted as true and are to be construed in a light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.2d 336, 337-38 (9th Cir. 1996) (citation omitted). However, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted). "While legal conclusions can provide the framework for a complaint, they must be supported by factual

allegations." *Id.* at 679.

A district court should not dismiss a pro se complaint without leave to amend unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) (per curiam) (internal quotation marks omitted).

**2. The proposed amendment does not state a claim upon which relief may be granted against Wagner, Baker and Byrnes**

As indicated above, Plaintiff's proposed amended complaint restates his claim that Gittere was deliberately indifferent to his health and safety when he complained that chemical agents that were sprayed during a cell extraction remained on his bedding and Gittere told him to send the bedding to the laundry, which he knew Plaintiff would be unable to do for another six days. In addition, he seeks to hold Wagner, Byrnes, and Baker liable because they are responsible for the operational procedural governing the use of chemical agents. The court has already ruled that Plaintiff states a colorable claim under the Eighth Amendment against Gittere, and the court will address the continuing viability of this claim below in connection with the motion to dismiss pursuant to Federal Rule of Civil Procedure 4(m). The court will now focus on whether Plaintiff states a colorable claim against Wagner, Byrnes, and Baker.

Plaintiff alleges that it was Gittere who actually administered the chemical agents. His claim against Wagner, Byrnes, and Baker then is a claim based on supervisory liability, *i.e.*, he seeks to hold them liable by virtue of their status as those with supervisory control insofar as they are responsible for the operational procedure that governs the use of chemical agents.

Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisorial position, the causal link between him or her and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), *cert. denied*, 442 U.S. 941 (1979). A plaintiff can establish the necessary causal connection for supervisory liability

7

by alleging that the defendant "set[] in motion a series of acts by others" or "knowingly refus[ed] to terminate a series of acts by others, which the supervisor knew or reasonably should have known would cause others to inflict a constitutional injury." *Starr v. Baca*, 652 F.3d 1207-08 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (Apr. 30, 2012) (internal quotation marks, original alterations, and citations omitted). Thus, "[a] supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." *Id.* at 1208 (quoting *Watkins v. City of Oakland*, 145 F.3d 1087, 1093 (9th Cir. 1998)); *see also Larez v. City of Los Angeles*, 946 F.2d 630, 645 (9th Cir. 1991).

Although the United States Supreme Court has rejected the idea that "knowledge and acquiescence" of a subordinate's conduct is enough to hold supervisory officials liable under § 1983 where the a claim is one of purposeful and unlawful discrimination, *Iqbal*, 129 S.Ct. at 1949-53, the Ninth Circuit Court of Appeals has held that where the applicable constitutional standard is deliberate indifference, "a plaintiff may state a claim against a supervisory for deliberate indifference based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her subordinates." *Starr*, 652 F.3d.at 1205.

Here, Plaintiff merely alleges that Wager, Byrnes and Baker were responsible for a policy governing the use of chemical agents. He attaches this policy as an exhibit to his proposed amended complaint. The language of the policy itself belies Plaintiff's allegations that these defendants were deliberately indifferent by promulgating the policy. It expressly provides that following the use of chemical agents, inmates exposed to them should receive immediate medical examination and will receive a shower and change of clothes. (Doc. # 22-1 at 30.) It goes on to provide that if necessary, contaminated areas will be cleaned and inmate bedding and cell supplies should be removed and cleaned prior to reissue. (*Id.*) Plaintiff simply has not stated a claim that these defendants were either directly deliberately indifferent to Plaintiff's health or safety or that they knew of and acquiesced in the unconstitutional conduct of others.

1  He alleges that it was defendant Gittere who utilized the chemical agents and defendant Gittere
2  who responded to his emergency grievance requesting that his bedding be changed. As such,
3  Plaintiff's motion for leave to amend in this regard should be denied. In light of Plaintiff's
4  allegations, it does not appear the deficiencies could be cured to state a colorable claim;
5  therefore, denial of leave to amend should be with prejudice.

**B. Motion to Dismiss pursuant to Rule 4(m)**

Federal Rule of Civil Procedure 4(m) provides in pertinent part:

> If a defendant is not served within 120 days after the complaint is filed, the court-on motion or on its own after notice to the plaintiff-must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). This Rule requires the court to grant an extension of time when a plaintiff shows good cause for delay. *See Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007) (citing *Mann v. Am. Airlines*, 324 F.3d 1088, 1090 n. 2 (9th Cir. 2003)). Rule 4(m) also "*permits* the district court to grant an extension even in the absence of good cause." *Id*. (emphasis original). It even "permits a district court to grant an extension of time to serve the complaint *after* that 120-day period." *Id*. (emphasis original).

Plaintiff's complaint was filed on November 5, 2012. Thus, Plaintiff had until March 5, 2013, to serve Gittere. Plaintiff did not serve Gittere, and did not request an extension of time to do so before March 5, 2013.

Nevertheless, the court issued its Rule 4(m) notice on April 17, 2013, effectively giving Plaintiff a seventy-four-day extension, until May 17, 2013, to file a proof of service as to Gittere or make a good cause showing as to why service has not been completed. (Doc. # 26.) To date, Plaintiff has not filed a proof of service as to Gittere. Nor has Plaintiff indicated that he intends to expend any effort to locate Gittere abroad, or to determine when he is scheduled to return. Instead, Plaintiff blames the Attorney General's Office for failing to accept service on his behalf. However, the Attorney General's Office is not authorized to automatically accept service on behalf of a *former* state employee. Instead a former employee must request that the Attorney

General represent him or her in a suit arising out of employment with the state.

The court finds that Plaintiff has not established good cause to justify a further extension of time under Rule 4(m). Therefore, the court recommends dismissal of this action without prejudice pursuant to Rule 4(m).

### III. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an Order **DENYING** Plaintiff's motion for leave to amend (Doc. # 22) and **GRANTING** the Attorney General's motion to dismiss (Doc. # 24) and **DISMISSING THIS ACTION WITHOUT PREJUDICE**.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within fourteen (14) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the District Court's judgment.

DATED: May 21, 2013.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

10