# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ANDREW HILFORD, | 3:12-cv-00329-MMD-WGC |
| Plaintiff, | **ORDER** |
| vs. | |
| CHRISTOPHER ROWLEY, et. al. | |
| Defendants. | |

Before the court is Plaintiff's Request for Re-Issuance of Summons, filed on May 22, 2013. (Doc. # 35.) Plaintiff asks that the court re-issue the summons for defendant Gittere based on the fact that he has returned from military duty and is working at Ely State Prison again. (*Id.*) The Attorney General's Office has opposed this request. (Doc. # 36.)

On May 21, 2013, the court issued a Report and Recommendation to the Honorable Miranda M. Du, United States District Judge, recommending denial of Plaintiff's motion for leave to amend his complaint and granting the Attorney General's Motion to Dismiss the Complaint as to defendant Gittere for failure to serve him pursuant to Federal Rule of Civil Procedure 4(m). (*See* Report & Recommendation at Doc. # 34.) The portion of the Report and Recommendation that discusses and recommends denial of Plaintiff's motion for leave to amend his complaint is unchanged by this Order. However, for the reasons set forth below, the court instructs the **Clerk** to note that the portion of the Report and Recommendation that discusses and recommends granting the Attorney General's Motion to Dismiss defendant Gittere pursuant to Rule 4(m) is hereby **WITHDRAWN**.

///

# I. BACKGROUND

**A. Complaint and service**

At all relevant times, Plaintiff Andrew Hilford was an inmate in custody of the Nevada Department of Corrections (NDOC). (Pl.'s Compl., Doc. # 7 at 1.) The events giving rise to this litigation took place while Plaintiff was housed at Ely State Prison (ESP). (*Id.*) Plaintiff, a pro se litigant, brings this action pursuant to 42 U.S.C. § 1983. (*Id.*) Currently, the only defendant named is Sergeant William Gittere. (*See* Screening Order, Doc. # 3; Report & Recommendation for denial of Plaintiff's motion for leave to amend to add defendants, Doc. # 34.)

Plaintiff originally filed his application for leave to proceed in forma pauperis and complaint on June 18, 2012. (Doc. # 1.) The court screened the complaint pursuant to 28 U.S.C. § 1915A, and concluded Plaintiff states a colorable claim that Gittere was deliberately indifferent to his health and safety when Plaintiff complained that chemical agents that were sprayed during a cell extraction remained on his bedding and Gittere told him to send the bedding to the laundry, which he knew Plaintiff would be unable to do for another six days. (*See* Doc. # 3 at 2.) Plaintiff's remaining claims were dismissed. (*Id.* at 2-3.)

Following a stay for mediation, on November 5, 2012, the court ordered Plaintiff's complaint filed; instructed the clerk to electronically serve the Attorney General's Office; asked the Attorney General's Office to advise the court whether it was accepting service on behalf of any named defendant; and if not, to provide the last-known-address of the defendant under seal. (Doc. # 6 at 2.) This order further instructed Plaintiff that if service was not accepted for any named defendant, he had to file a motion identifying the unserved defendant and request issuance of a summons. (*Id.*)

On November 16, 2012, the Attorney General's Office filed a notice that it was *not* accepting service on behalf of Gittere. (Doc. # 8) To that end, the Attorney General's Office filed Gittere's last known address under seal and provided Plaintiff notice of this filing. (Docs. # 9, # 10.)

On January 2, 2013, Plaintiff filed a motion to serve defendant Gittere. (Doc. # 15.) The

court ordered issuance of a summons, and further ordered the clerk to send a copy of form USM-285, giving Plaintiff twenty days to complete the form and return it to the United States Marshal's Office for service. (Doc. # 16.) The summons was issued on January 4, 2013 (Doc. # 17), and on February 19, 2013, the United States Marshal returned the process receipt unexecuted, noting that Gittere was unable to be served because he was on military duty in an overseas location. (Doc. # 18.)

On March 4, 2013, Plaintiff filed a motion requesting that default be entered, arguing that the Attorney General's Office was hindering his complaint by not accepting service on behalf of Gittere. (Doc. # 19.) The Attorney General's Office filed a notice that it opposed any entry of default as Plaintiff had failed to serve Gittere. (Doc. # 20.) The court denied Plaintiff's motion, advising Plaintiff that the obligation to defend a lawsuit arises only after service has been completed, and Plaintiff had not served Gittere. (Doc. # 27.)

**B. Motion to dismiss**

On April 10, 2013, the Attorney General filed a Motion to Dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 4(m) because Plaintiff has failed to serve Sergeant Gittere. (Doc. # 24.)

On April 24, 2013, Plaintiff filed his response to the Attorney General's motion. (Doc. # 28.)

On April 17, 2013, the court issued a notice of its intention to dismiss this action pursuant to Federal Rule of Civil Procedure 4(m) because of Plaintiff's failure to serve Gittere within 120 days of the date the complaint was filed. (Doc. # 26.) Plaintiff was advised that the action will be dismissed without prejudice unless a proof of service as to Gittere is filed before May 17, 2013, or good cause is shown why service has not been made. (*Id.*)

**C. Report and Recommendation**

On May 21, 2013, the court issued its Report and Recommendation with respect to the Attorney General's Motion. (Doc. # 34.) As indicated above, the Report and Recommendation also discussed Plaintiff's motion for leave to amend his complaint, and that portion of the

3

1 Report and Recommendation remains unchanged. With respect to the Attorney Genera's
2 motion to dismiss the complaint pursuant to Rule 4(m), the court noted that Plaintiff's
3 complaint was filed on November 5, 2012, thereby giving Plaintiff until March 5, 2013, to serve
4 Gittere pursuant to Rule 4(m). Plaintiff did not serve Gittere and did not request an extension
5 of time to do so before March 5, 2013.

6 Nevertheless, the court issued its Rule 4(m) notice on April 17, 2013, effectively giving
7 Plaintiff a seventy-four-day extension, until May 17, 2013, to file a proof of service as to Gittere
8 or make a good cause showing as to why service has not been completed. (Doc. # 26.) Plaintiff
9 did not make any filing with respect to service on Gittere as of May 17, 2013; therefore, the
10 court recommended dismissal of the action without prejudice pursuant to Rule 4(m). (Doc. #
11 34.)

12 **D. Plaintiff's Request for Re-Issuance of the Summons to Gittere**

13 On May 22, 2013, Plaintiff filed the instant request for re-issuance of the summons to
14 Gittere, noting that Gittere had returned from military duty overseas and was again employed
15 at ESP. (Doc. # 35.) The Attorney General's Office opposes this request, asserting that the
16 court's recommendation to dismiss the action without prejudice is proper because Plaintiff did
17 not timely make a filing with respect to service on Gittere. (Doc. # 36.)

18 **II. DISCUSSION**

19 Federal Rule of Civil Procedure 4(m) provides in pertinent part:

20 > If a defendant is not served within 120 days after the complaint is filed, the court-
21 > on motion or on its own after notice to the plaintiff-must dismiss the action
without prejudice against that defendant or order that service be made within a
specified time. But if the plaintiff shows good cause for the failure, the court must
22 > extend the time for service for an appropriate period.

23 Fed. R. Civ. P. 4(m). This Rule requires the court to grant an extension of time when a plaintiff
24 shows good cause for delay. *See Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007) (citing
25 *Mann v. Am. Airlines*, 324 F.3d 1088, 1090 n. 2 (9th Cir. 2003)). Rule 4(m) also "*permits* the
26 district court to grant an extension even in the absence of good cause." *Id.* (emphasis original).
27 It even "permits a district court to grant an extension of time to serve the complaint *after* that

28 4

120-day period." *Id.* (emphasis original).

The Attorney General's Office would have the court continue with its recommendation to dismiss this action without merit because it asserts that the court properly found the action was subject to dismissal under Rule 4(m) because Plaintiff did not file a proof of service for Gittere or make a good cause showing why service was not effectuated on or before May 17, 2013. However, Plaintiff has now, albeit a few days later than the court's imposed deadline, filed a request for re-issuance of the summons, asserting that Gittere is back from military duty and is once again employed by NDOC. The Attorney General's opposition ignores the strong policy of resolving cases on the merits. *See, e.g., Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986) (citations omitted) (stating that there is a public policy favoring disposition of cases on their merits and this is one factor to be considered by court in weighing whether to dismiss a case for failure to comply with pretrial procedures mandated by local rules and court orders). Moreover, courts are to broadly construe pleadings filed by pro se litigants and give such plaintiffs "the benefit of the doubt." *See, e.g., Bretz v. Kelman*, 773 F.2d 1026, 1027 n. 1 (9th Cir. 1985) (citation omitted). While pro se litigants are still required to comply with the Rules of Civil Procedure, *see, e.g., King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), under these circumstances, the court finds that the policy of resolving a case on the merits prevails. Additionally, Rule 4(m) has been held to give the court discretion to grant an extension of time to serve the complaint after the expiration of the 120 day period, and even in absence of a good cause showing. *See Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2003); *Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003); *see also* Fed. R. Civ. P. 4(m), Advisory Committee Notes, 1993 Amendments. Here, while Plaintiff's filing is a few days late, it appears that Gittere can now be subject to service, and the Attorney General's Office cannot reasonably claim prejudice when Plaintiff's filing was made a few days after the court-imposed deadline.

Accordingly, the court orders that the portion of its previous Report and Recommendation that recommends granting the Attorney General's motion to dismiss the action as to Gittere without prejudice is withdrawn, and Plaintiff's request for re-issuance of

5

the summons is granted, as set forth below.

### III. CONCLUSION

(1) The portion of the court's previous Report and Recommendation (Doc. # 34) that recommends granting the Attorney General's motion to dismiss the action as to Gittere without prejudice is hereby **WITHDRAWN**. The remainder of the Report and Recommendation, discussing and recommending denial of Plaintiff's motion for leave to amend **SHALL REMAIN IN EFFECT**.

(2) Plaintiff's request for re-issuance of the summons is **GRANTED**. However, within **twenty-one days** of the date of entry of this Order, the Attorney General's Office shall file a notice advising the court and plaintiff whether it will accept service on behalf of Gittere.

(3) If the Attorney General's Office indicates that it will not accept service on behalf of Gittere within twenty-one days of the date of this order, the Clerk shall issue a summons for defendant William Gittere and send the same to the U.S. Marshal with the address previously provided under seal. At that time, the Clerk shall also send to Plaintiff a USM-285 form, a copy of the Complaint (Doc. # 7) and a copy of this Order. Plaintiff will have **twenty days** from the date he receives the USM-285 form to complete it and return it along with other necessary documents to the United States Marshal for service. After Plaintiff receives information from the Marshal regarding services on defendant Gittere, Plaintiff shall file a notice, forthwith, informing the court of the status of that service.

**IT IS SO ORDERED**.

DATED: May 24, 2013.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE