# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ANDREW HILFORD, | 3:12-cv-00329-MMD-WGC |
| Plaintiff, | **ORDER** |
| v. | |
| CHRISTOPHER ROWLEY, et. al., | |
| Defendants. | |

Before the court is Defendant's Motion for Leave to File Exhibits D-1 through D-3 In Support of Defendant's Motion for Summary Judgment Under Seal. (Doc. # 55.)[1]

The documents Defendant seeks to file under seal consist of Plaintiff's medical records.

"Historically, courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents." *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotation marks and citation omitted). "'Throughout our history, the open courtroom has been a fundamental feature of the American judicial system. Basic principles have emerged to guide judicial discretion respecting public access to judicial proceedings. These principles apply as well to the determination of whether to permit access to information contained in court documents because court records often provide important, sometimes the only, bases or explanations for a court's decision.'" *Oliner v. Kontrabecki*, 745 F.3d 1024, 1025 (9th Cir. Mar. 20, 2014) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1177 (6th Cir. 1983)).

---

[1] Refers to court's docket number.

Documents that have been traditionally kept secret, including grand jury transcripts and warrant materials in a pre-indictment investigation, come within an exception to the general right of public access. *See Kamakana*, 447 F.3d at 1178.  Otherwise, "a strong presumption in favor of access is the starting point." *Id*. (internal quotation marks and citation omitted).

A motion to seal documents that are part of the judicial record, or filed in connection with a dispositive motion, must meet the "compelling reasons" standard outlined in *Kamakana*. Thus, a party seeking to seal judicial records must show that "compelling reasons supported by specific factual findings...outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178-79. The trial court must weigh relevant factors including "the public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 679 n. 6 (9th Cir. 2010) (internal quotation marks and citation omitted). While the decision to grant or deny a motion to seal is within the trial court's discretion, the trial court must articulate its reasoning in deciding a motion to seal. *Pintos*, 605 F.3d at 679.

The court recognizes that the need to protect medical privacy has qualified as a "compelling reason," for sealing records. *See, e.g., San Ramon Regional Med. Ctr., Inc. v. Principal Life Ins. Co.,* No. C 10-02258 SBA, 2011 WL89931, at *n.1 (N.D. Cal. Jan. 10, 2011); *Abbey v. Hawaii Employers Mut. Ins.* Co., Civil No. 09-000545 SOM/BMK, 2010 WL4715793, at * 1-2 (D.  HI. Nov. 15, 2010); *Wilkins v. Ahern,* No. C 08-1084 MMC (PR), 2010 WL3755654 (N.D. Cal. Sept. 24, 2010); *Lombardi v. TriWest Healthcare Alliance Corp.*, No. CV-08-02381-PHX-FJM, 2009 WL 1212170, at * 1 (D.Ariz. May 4, 2009).

Here, Exhibits D-1 through D-3 contain Plaintiff's sensitive health information, medical history, and treatment records. Balancing the need for the public's access to information regarding Plaintiff's medical history, treatment, and condition against the need to maintain the confidentiality of Plaintiff's medical records weighs in favor of sealing these exhibits. Therefore, the motion to file these exhibits under seal (Doc. # 55) is **GRANTED**.

**IT IS SO ORDERED**.

DATED: June 4, 2014

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE